# Anthony Gaughan *v.* Second Avenue Traction Company, Appellant.

*Negligence—Street railways—Contributory negligence—Evidence—Question for jury.*

In an action against a street railway company to recover damages for personal injuries sustained in a collision between defendant's car and plaintiff's wagon, the case is for the jury where the evidence shows that at the point where the accident occurred there were two tracks on a public road, occupying nearly the whole width of the road, so that it was necessary for a person riding in a wagon to be partly on one of the tracks, and there was also evidence to support the charge of negligence on the part of the company in regard to the rate of speed, and a failure to give any warning of the approach of the car.

Argued Nov. 7, 1898. Appeal, No. 135, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Allegheny County, Feb. T., 1897, No. 652, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before PORTER, J.

At the trial it appeared that about 8 o'clock on the evening of October 10, 1896, plaintiff was driving a covered wagon on a township road which was occupied by the defendant company with two tracks used in the operation of an electric railway. The evidence showed that the two tracks occupied a greater part of the road, so that a wagon in passing along the road had to be partially on one track or the other. The car came in collision with the wagon shortly after rounding a slight curve in the road, and the plaintiff sustained personal injuries. The evidence for the plaintiff tended strongly to show that the car was run at a very high rate of speed. Plaintiff testified that he heard no bell. The witnesses for the defendant testified that a bell was rung, but their evidence varied as to the distance from the curve at which it was rung. Defendant's point and the answer thereto were as follows:

1. Under all the evidence plaintiff cannot recover, and the verdict must be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was (1) above instruction, quoting it.

*William D. Evans*, with him *George C. Wilson*, for appellant, cited Yingst v. Ry. Co., 167 Pa. 438; Kline v. Traction Co., 181 Pa. 276.

*L. B. Cook*, for appellee, was not heard, but cited in his printed brief: Gilmore v. Pass. Ry. Co., 153 Pa. 32; Schnur v. Citizens' Traction Co., 153 Pa. 29; Thatcher v. Traction Co., 166 Pa. 66.

PER CURIAM, January 3, 1899:

This case was properly left to the jury on the questions of negligence on the part of the defendant, and contributory neg-

ligence on the part of the plaintiff. It was for the jury to say whether he was lawfully driving on the defendant's track, and there was abundant reason for his being on the track. There were two tracks on the public road and they occupied nearly the whole width of the road, so that it was necessary for a person riding in a wagon to be partly on one of the tracks. There was also evidence to support the charge of negligence on the part of the company in regard to the rate of speed, and not giving any warning of the approach of the car. These questions were necessarily submitted to the jury who alone could decide them. The assignments of error are not sustained.

Judgment affirmed